UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5:15-100-DCR |
| V. | ) ) | |
| SERAFIN VILLA-GOMEZ, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 17, 2015, Judge Thornton, a Fayette District Court judge, issued a search warrant for Defendant Serafin Villa-Gomez's home. [Record No. 39] Law enforcement officials executed the warrant that same day. This matter is currently pending for consideration of Villa-Gomez's motion to suppress the fruits of that search. [Record No. 36] The motion was referred to United States Magistrate Judge Robert E. Wier for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On March 7, 2016, Magistrate Judge Wier held an evidentiary hearing on this motion and Villa-Gomez's motions to suppress statements and to compel the identity of a confidential informant.[1] [Record No. 48] In his March 11, 2016 Recommended Disposition, Magistrate Judge Wier recommended that this Court deny Villa-Gomez's

---

[1] Magistrate Judge Wier denied Villa-Gomez's motion to compel [Record No. 38] by order dated March 11, 2016. [Record No. 52] The magistrate judge issued a separate Recommended Disposition [Record No. 51] addressing Villa-Gomez's motion to suppress statements. [Record No. 37] That Recommended Disposition will be addressed by separate order.

-1-

motion to suppress the search. [Record No. 50] Thereafter, Villa-Gomez filed objections to the Recommended Disposition.[2] [Record No. 54] The United States then responded to the defendant's objections. [Record No. 57] Having reviewed the record along with the Recommended Disposition, the Court agrees that the defendant's motion should be denied.

Under the Fourth Amendment of the United States Constitution, "no warrants shall issue, but upon probable cause. . . ." U.S. Const. amend. IV. A warrant application is supported by probable cause if "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular case." *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Courts give "great deference" to the probable cause determination of the judge who issues the warrant. *United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013). A reviewing court need only ensure that the issuing judge had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238.

In his Recommended Disposition, the magistrate judge concluded that Judge Thornton had a substantial basis for finding probable cause. [Record No. 50, p. 7] Judge Thornton based her decision on the sworn affidavit of Detective Matt Evans of the Lexington Division of Police. [Record No. 39] The affidavit established that Detective Evans is experienced in drug investigations and that "numerous" confidential informants

---

[2] Because Villa-Gomez filed objections, the Court's review is *de novo*. 28 U.S.C. § 636(b)(1).

associated Villa-Gomez with drug-trafficking activity in the area. [Record No. 50, p. 4] Detective Evans stated that the primary confidential informant (CI) involved in the case had given truthful and accurate information to the police in a variety of past investigations. *Id.* at 4-5. That same CI provided a picture of Villa-Gomez to police, identified him as "Serafin Villanueva," and indicated that he was living at and operating a cocaine trafficking operation out of the subject address. *Id.* at 5.

Detective Evans observed the CI enter the subject address within 48 hours of the warrant application. *Id.* at 6. Upon leaving the house, the CI reported seeing large quantities of cash and cocaine inside. *Id.* at 5. The CI also provided information about Villa-Gomez' family, including the name of his daughter. *Id.* Detective Evans then verified that the woman the CI identified as Villa-Gomez's daughter lived at the subject address. *Id.* at 6.

Detective Evans gathered other information linking Villa-Gomez to the residence, including mail addressed to Norabel Villaneuva (an associated name for Villa-Gomez) found in the trash placed outside the home. *Id.* at 6-7. Law enforcement's "trash pull" also revealed packaging material used for vacuum sealing food. *Id.* at 7. Detective Evans explained that, in his experience, such material is also commonly used to package drugs and currency. *Id.* Additionally, Detective Evans surveilled the subject address for hours and ultimately concluded that Villa-Gomez did not have a legitimate job because he did not come or go as someone would who regularly reports to work. *Id.* at 6. Based on all of the facts and information contained in Detective Evans' affidavit [Record No.

39], Magistrate Judge Wier recommended that this Court should refuse to suppress the fruits of the search. [Record No. 50, p. 1]

In his objections, Villa-Gomez argues that Detective Evans' affidavit did not establish that the CI was a reliable source of information. [Record No. 54] He also argues that the affidavit is defective because Detective Evans failed to identify the informant. *Id.* However, in *United States v. May*, 399 F.3d 817 (6th Cir. 2005), the Sixth Circuit held that an informant was sufficiently reliable based on facts substantially similar to those presented here. In that case, police sought a search warrant based on information from a CI that the defendant was cooking powder cocaine into crack cocaine in the location that they intended to search. *Id.* at 821. According to the affidavit, the CI was reliable because he provided assistance in the current investigation as well as unrelated drug investigation cases. *Id.* at 822. Further, the affidavit generally stated that police independently corroborated the CI's information. *Id.*

Like Villa-Gomez, May argued that the affidavit was deficient because it failed to identify the CI. *Id.* at 823. However, the Court rejected this argument, finding that the failure to identify an informant does not "make the search warrant presumptively void." *Id.* at 824. The police obviously knew the informant's identity because the affidavit stated he had provided them with information in the past. *Id.* And because the police knew his identity, they could also subject him to prosecution for making a false report, entitling his statements to "far greater weight than those of an anonymous source." *Id.* at 824-25. Moreover, the police observed the CI, "a prominent figure in the local drug scene," enter the defendant's house. *Id.* at 825. That fact, combined with the affiant's

general statements regarding the CI's reliability, were sufficient to support the issuing judge's probable cause finding. *Id.* at 825-26.

Here, Detective Evans' affidavit does not necessarily establish that the CI is a "prominent figure in the local drug scene" like the CI in *May*. Nevertheless, Detective Evans provided a much more thorough explanation of the CI's past reliability than the affiant in *May*. According to Detective Evans,

> [t]his informant has proven reliable and all information provided by this informant has been corroborated through independent investigations. The information provided by this informant has lead [sic] to numerous arrests, and seizures of over $400,000 in cash, over 15 kilograms of cocaine, large quantities of marijuana, over 2 pounds of crystal methamphetamine, and thousands of pills [that] were being diverted and illegally trafficked. The information provided by this informant has lead [sic] to numerous arrests[,] and all information provided has always proven to be truthful and accurate.

[Record No. 39, p. 2] "Sixth Circuit precedent indicates that an affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001). The detail contained in Detective Evans' affidavit clearly establishes that the CI had a history of giving law enforcement reliable information. Thus, Villa-Gomez's arguments regarding the CI's reliability are misplaced.

Villa-Gomez also challenges the magistrate judge's reliance on: (i) Detective Evans' conclusion that Villa-Gomez was not legitimately-employed and (ii) the presence of vacuum seal packaging in Villa-Gomez's trash. [Record No. 54] According to Villa-Gomez, neither of those facts "contribute meaningfully to the finding of probable cause." *Id.* While those facts, standing alone, might not be sufficient to support a probable cause

finding, the Court utilizes a totality of the circumstances approach when issuing and reviewing search warrants.  *Gates*, 462 U.S. at 230-231.  "[T]he evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."  *Id.* at 231 (quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)).  The inferences drawn by Detective Evans were based on years of police work, and Judge Thornton and Magistrate Judge Wier rightly refused to ignore his expertise in their evaluation of his affidavit.  In light of all of the facts, the undersigned agrees with the magistrate judge that Judge Thornton did not err in her probable cause determination.

Magistrate Judge Wier also concluded that Villa-Gomez failed to "allege[] misconduct or impropriety in warrant pursuit or execution."  [Record No. 50, p. 10]  As a result, the magistrate judge determined that the fruits of the search are not excludable under the good faith exception to the exclusionary rule, even if the warrant was deficient.  *Id.* at 9.  Villa-Gomez disagrees.  [Record No. 54, p. 2]  He argues that the special protection the Fourth Amendment affords to homes weighs heavily in favor of exclusion.  *Id.* at 3.  He also contends that Detective Evans' "attempt to obtain a warrant as a rubber stamp of the CI's information was an act of reckless disregard."  *Id.*  However, Detective Evans' affidavit includes all that the Fourth Amendment requires.  While additional "corroboration or personal first-hand knowledge" might be helpful, it is not necessary.

Having conducted a *de novo* review of the issues raised by Villa-Gomez in his objections [Record No. 54] to Magistrate Judge Wier's Recommended Disposition [Record No. 50], it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of Magistrate Judge Robert E. Wier [Record No. 50] is **ADOPTED** and **INCORPORATED** herein by reference;

2. Defendant Serafin Villa-Gomez's objections to the Magistrate Judge's Recommended Disposition [Record No. 54] are **OVERRULED**; and

3. Defendant Serafin Villa-Gomez's motion to suppress [Record No. 36] is **DENIED**.

This 7th day of April, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge