UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-100-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SERAFIN VILLA-GOMEZ, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*  \*\*\*  \*\*\*  \*\*\***

Defendant Serafin Villa-Gomez was sentenced to 168 months' incarceration after pleading guilty to possessing cocaine with the intent to distribute it.  He has now filed a motion for the appointment of counsel to pursue a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.  *See* U.S.S.G. Amend. 821, eff. Nov. 1, 2023.  Villa-Gomez claims he is eligible under Part B.  This subpart decreases the total offense level by two points for defendants with zero criminal history points at sentencing who are not otherwise disqualified under U.S.S.G 4C1.1(a)(2)-(10).  Villa-Gomez had zero criminal history points at the time of his sentencing hearing.[1]

After determining that a defendant is eligible for relief under Amendment 821, courts must "determine whether, in its discretion, the reduction authorized . . . is warranted in whole

---

[1]     Without criminal history points and with a total offense level of 33, Villa-Gomez's original guidelines range for incarceration at sentencing became 135 to 168 months.  If Part B of Amendment 821 is applied, his adjusted guideline range would be 108 to 135 months.  However, Villa-Gomez's actual range would be 120 months to 135 months because is subject to a ten-year mandatory minimum term of incarceration.

or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).  This includes determining whether any disqualifying factor applies under Part B.  *See* U.S.S.G 4C1.1(a)(2)-(10).

Pursuant to U.S.S.G. § 2D1.1(b)(1), Villa-Gomez received an enhancement at sentencing because he had a firearm in his possession when law enforcement arrested him for the instant offense.[2]  According to the United States Sentencing Commission, sentencing relief from Amendment 821 is foreclosed if a defendant possessed a firearm broadly "in connection with the offense."  *See* U.S.S.G. § 4C1.1(a)(7).  As a result, Villa-Gomez is disqualified from benefitting from the amendment.

But even if Villa-Gomez were not disqualified from receiving relief under Amendment 821, the Court notes that there is no constitutional right to appointed counsel in proceedings filed under 18 U.S.C. § 3582(c)(2).  *See United States v. Pingleton*, 2015 WL 13836934, at *1, n.1 (E.D. Ky. Mar. 24, 2015) (collecting cases).  Here, the appointment of counsel would be a waste of judicial resources considering the lack of merit in Villa-Gomez's request for a sentence reduction.  Finally, Villa-Gomez seeks his medical records from the Bureau of Prisons.  However, a defendant's medical circumstances are largely irrelevant to the Court's consideration of a motion for sentencing relief pursuant to Amendment 821.

Being sufficiently advised, it is hereby **ORDERED** as follows:

---

[2]     The defendant disclosed to law enforcement that he had a loaded Glock .40 caliber handgun in his bedroom as officers executed a search warrant at his residence on November 17, 2015.  PSR ¶ 10.  The same search revealed a significant amount of currency in sealed bags, ammunition, and cocaine.  PSR ¶ 12.

1.     Defendant Villa-Gomez's motion for the appointment of counsel and other relief pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines [Record No. 107] is **DENIED**.

2.     Defendant Villa-Gomez's motion to direct the production of relevant records for use in pursuing a sentence reduction under Amendment 821 [Record No. 108] is **DENIED**.

Dated: April 3, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky